| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA § 
§
*versus* § CASE NO. 1:15-CR-19(1)
§
JOHN NEALY HOLT §

**MEMORANDUM AND ORDER**

Pending before the court is Defendant John Nealy Holt's ("Holt") *pro se* Motion to Remove Pre-Trial Order for Seperatee [sic] (#1080). The Government filed a response (#1082) indicating that it is unopposed to Holt's request. Having considered the motion, the response, the record, and the applicable law, the court is of the opinion that Holt's motion should be denied.

I.   Background

On March 5, 2015, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a four-count Indictment against Holt and twenty-three codefendants, charging Holt in Count One with Conspiracy to Possess with the Intent to Distribute a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. § 846; in Count Two with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1); and in Count Four with Using the Mail or Facility of Interstate Commerce to Facilitate the Interstate Distribution of Illegal Narcotics, in violation of 18 U.S.C. § 1952(a)(3). On August 5, 2016, Holt pleaded guilty to the offense charged in Count One of the Indictment pursuant to a binding plea agreement. Subsequently, on February 15, 2017, the court sentenced Holt to 174 months' imprisonment, to be followed by five years of supervised release. Holt is currently housed at

Federal Correctional Institution Oakdale II, located in Oakdale, Louisiana, with a projected release date of September 12, 2026.[1]

In his motion, Holt requests that the court remove a pretrial separation order that he contends is preventing his release to a halfway house and home confinement. Holt insists that, although he is allegedly eligible for placement in a halfway house and home confinement, a "pre-trial seperatee order" is precluding his release. According to Holt, his Bureau of Prisons ("BOP") case manager notified him in January 2024 that "even though she had approved and submitted [Holt] for transfer to halfway house and home confinement in Houston, Texas," which was allegedly scheduled to take place in April 2024, "the submission was denied due to a pre-trial 'seperatee' [sic]."

II. Analysis

As a preliminary matter, neither Holt nor the Government provides the court with a copy of the alleged separation order at issue or otherwise identifies the order in the record. Indeed, the docket sheet in Holt's case lists no "separation orders" or "separatee orders." Consequently, even assuming that Holt "had followed the appropriate procedure for bringing his claims before the Court, without access to or identification of the separation order(s), the Court could not appropriately consider [Holt's] claims." *United States v. Morales*, No. 4:13-CR-00200-MAC-CAN, 2017 WL 1457168, at *2 n.1 (E.D. Tex. Mar. 20, 2017) (citing *Ashford v. United States*, 463 F. App'x 387, 393-94 (5th Cir. 2012)), *adopted by* No. 4:13-CR-200, 2017 WL 1435222 (E.D. Tex. Apr. 20, 2017).

---

[1] *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 19, 2024).

Without evidence of a separation order entered by the court, the court infers that Holt might instead be complaining of a separation assignment or classification made by the BOP. *See* 28 C.F.R. § 524.70 (explaining that the BOP "monitors and controls the transfer, temporary release (e.g., on writ), and community activities of certain inmates who present special needs for management" and that such inmates are "known as central inmate monitoring (CIM) cases"); 28 C.F.R. § 524.72 (listing the assignment categories within the BOP's "Central Inmate Monitoring System," including the "Separation" classification for "[i]nmates who may not be confined in the same institution . . . with other specified individuals who are presently housed in federal custody or who may come into federal custody in the future"). Assuming that the separatee order about which Holt complains was initiated by the BOP, the court notes that the BOP has a four-step administrative process by which an inmate may seek a formal review of an issue that relates to any aspect of his confinement. *See* 28 C.F.R. § 542. Initially, a prisoner must present the complaint to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure is unsuccessful, the prisoner may then submit an Administrative Remedy Request to the warden of the facility where he is incarcerated. 28 C.F.R. § 542.14(a), (c). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. § 542.15(a). If still dissatisfied, the prisoner may appeal to the Office of General Counsel. *Id.* The appeal to the General Counsel is the final administrative appeal provided by the BOP. *Id.*

Additionally, to the extent Holt requests that the court order his release to a halfway house or home confinement, the court lacks the authority to do so. *See United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020) ("The [BOP] has the sole authority to designate a prisoner's place of incarceration."); *United States v. Dugan*, No. 4:12-CR-00143-004, 2023 WL 3550092, at *7

3

n.6 (E.D. Tex. May 18, 2023) ("The BOP has exclusive authority to determine where a prisoner is housed; thus, the Court is without authority to order home confinement."); *United States v. Alonzo*, 516 F. Supp. 3d 623, 633 n.10 (E.D. Tex. 2021). The BOP has the sole authority for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court. *See* 18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973). Although a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility, a determination of if and when a prisoner should be allowed to serve the remainder of his sentence in home confinement is left to the discretion, experience, and expertise of the BOP. *See* 18 U.S.C. § 3624(c); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[A] court may recommend that a sentence imposed under section 3621 be served in a particular prison or jail, but . . . only the [BOP] has the actual authority to designate the place of incarceration."); *Zimmerman v. Withers*, No. 3:22-CV-11-CWR-FKB, 2023 WL 1828006, at *2 (S.D. Miss. Jan. 23, 2023), *adopted by* No. 3:22-CV-11-CWR-FKB, 2023 WL 1822881 (S.D. Miss. Feb. 8, 2023); *Williams v. United States*, No. 4:22-CV-0344-P, 2022 WL 1189996, *6 (N.D. Tex. Apr. 21, 2022) (quoting *Ambriz v. United States*, 465 F. Supp. 3d 630, 633 (N.D. Tex. 2020) (holding that the court has no authority to compel the BOP to release a prisoner to home confinement); *Livas v. Myers*, 455 F. Supp. 3d 272, 283 (W.D. La. 2020).

Similarly, "the BOP is in the best position to determine whether [residential reentry center]/halfway house placement would be of benefit to [the defendant] and to society in general." *United States v. Gould*, No. 7:05-CR-020-O, 2018 WL 3956941, at *1 (N.D. Tex. Jan. 17, 2018);

*Livas*, 455 F. Supp. 3d at 281; *see also Grover v. Kallis*, No. 18-CV-1259, 2019 WL 113866, at *3 (C.D. Ill. Jan. 4, 2019). Indeed, it is well established that "[n]o inmate has a constitutional right to be housed in a particular place or any constitutional right to early release." *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020). The court is thus unable to order that Holt be placed in either a halfway house or home confinement.

III.   Conclusion

Accordingly, Holt's *pro se* Motion to Remove Pre-Trial Order for Seperatee [sic] (#1080) is DENIED.

SIGNED at Beaumont, Texas, this 9th day of August, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE